NOT DESIGNATED FOR PUBLICATION

No. 117,220

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EARNEST LEE TAYLOR,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed February 2, 2018. Affirmed.


*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.


*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.


PER CURIAM: Earnest Lee Taylor appeals his sentence claiming the State failed to follow the plea agreement and recommend probation conditioned upon him obtaining drug treatment or obtaining a drug and alcohol evaluation on his own and following the recommendations as a condition of probation. The facts of this case reflect the State did not violate the plea agreement. We affirm.

FACTS

Taylor pled guilty to aggravated assault and possession of methamphetamine. He entered into a plea agreement with the State providing in part:

"In return for Defendant's successful plea of Guilty as set forth in paragraph 1 the State will dismiss Counts 2, 4 and 5, and the following recommendations will be made:

"a. The parties agree to recommend the middle number in the applicable KSGA grid-box for each offense;

"b. The parties agree to recommend that the counts run concurrently with each other;

"c. The parties agree to recommend the sentence imposed in this case run consecutively to all prior cases;

"d. The parties anticipate that the defendant will fall into a border box for Count 3, and that he will be eligible for commitment to a drug abuse treatment program pursuant to K.S.A. 21-6824;

"e. In the event that the defendant is not eligible for commitment to a drug abuse treatment program pursuant to K.S.A. 21-6824, the defendant agrees to obtain a drug and alcohol evaluation and follow the recommendation thereof as a condition of probation;

"f. The defendant agrees to obtain all required drug and alcohol evaluations and risk assessments required by K.S.A. 21-6824 prior to sentencing;

"g. Based upon the application of K.S.A. 21-6824, and the defendant's participation in the required drug and alcohol evaluations and risk assessments prior to sentencing, the State will request the Court make the appropriate border box findings at sentencing.

. . . .

"Absent any specific agreement set out above the State will not be bound by this recommendation and may make any other sentencing recommendation it deems appropriate, including incarceration, in the event the defendant was on felony bond, probation, assignment to community corrections, felony parole, or post release supervision at the time of the commission of this offense.

. . . .

"The State anticipates Defendant's criminal history is C."

2

The presentence investigation report (PSI) prepared after Taylor's plea reflected his criminal history score was B. As a result, Taylor's criminal history and the fact he was on probation in Oakhoma placed him in a presumptive prison box of the sentencing grid. Upon receipt of the PSI, Taylor moved for both a dispositional and durational departure. The departure motion noted the State was unwilling to make a recommendation of probation since Taylor's criminal history was B, not C.

At sentencing, Taylor admitted his B criminal history score was correct. The State requested the court impose the presumptive sentence—prison—based on Taylor's criminal history and because he was on probation for an Oklahoma felony when he committed these crimes. It also recommended the low number in the appropriate sentencing guidelines grid box and for the counts to run concurrently.

Taylor asked the district court to hold the State to the plea agreement. He argued the spirit of the plea agreement was to get him on probation and in a drug treatment program. The State argued the recommendation in the plea agreement was based on a criminal history score of C and, since Taylor had a criminal history score of B, there was nothing preventing the State from recommending the presumptive prison sentence.

The district court found the State was not bound to recommend probation by the plea agreement. It noted the plea agreement said the State would recommend border box findings but nothing required the State to recommend anything as to other findings. The district court denied the motion to depart to probation. It sentenced Taylor to 36 months' incarceration for possession of methamphetamine and 11 months' incarceration for aggravated assault. The district court ran the sentences concurrently, for a controlling sentence of 36 months' imprisonment.

ANALYSIS

Whether the State breached a plea agreement presents a question of law, so appellate review is de novo. *State v. Urista*, 296 Kan. 576, 582-83, 293 P.3d 738 (2013).

"'[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). If the State fails to fulfill a promise it made in a plea agreement, the defendant is denied due process." *Urista*, 296 Kan. at 583.

"This is true even if the record indicates that the district court's sentencing decision was not influenced by the State's actions at sentencing." 296 Kan. at 583.

"Kansas courts have recognized that contracts, with the exception of at-will employment agreements, contain implied covenants of good faith and fair dealing. *Estate of Draper v. Bank of America,* 288 Kan. 510, Syl. ¶ 13, 205 P.3d 698 (2009); see also *Foster,* 39 Kan. App. 2d at 388-89 (applying the implied covenants of good faith and fair dealing to a plea agreement). Furthermore, '[t]he law implies that contractual provisions requiring the exercise of judgment or discretion will be honestly exercised and faithfully performed.' *Lessley v. Hardage,* 240 Kan. 72, Syl. ¶ 7, 727 P.2d 440 (1986). Thus, parties to a plea agreement must act fairly and in good faith in carrying out the promises they have made." *Urista*, 296 Kan. at 583.

Though courts must remain mindful of the constitutional implications of the plea bargaining process, plea agreements are generally subject to contract principles. 296 Kan. at 583. As such, when interpreting written contracts, the primary rule of construction is to ascertain the parties' intent. If the terms of the contract are unambiguous, the parties' intent is to be ascertained from the contract language without applying rules of construction. *Prairie Land Elec. Co-op v. Kansas Elec. Power Co-op*, 299 Kan. 360, 366, 323 P.3d 1270 (2014). A written instrument will not be found to be ambiguous unless

4

two or more meanings can reasonably be construed from the contract. The court will not strain to find an ambiguity where, in common sense, there is none. *Iron Mound v. Nueterra Healthcare Management*, 298 Kan. 412, 418, 420, 313 P.3d 808 (2013).

Taylor argues the district court incorrectly found the plea agreement did not contemplate what would happen if he fell outside a border box. He contends the plea agreement clearly contemplated what would occur if he did not fall within a border box because he agreed to obtain a drug and alcohol evaluation and follow its recommendations as a condition of probation. In contrast, the State argues the plea agreement "clearly and simply stated" the terms of the agreement. It contends it was only obligated to recommend probation if Taylor's criminal history score was C. However, the plea agreement states: "The State *anticipates* Defendant's criminal history is C" (emphasis added)—not *contingent upon* a criminal history score of C.

We read subparagraphs d and e of the plea agreement as reflecting the parties would be making recommendations to the court for a border box finding along with commitment to a drug abuse treatment program. If the program was not available for Taylor's benefit for whatever reason, then he would get a drug and alcohol evaluation and follow the recommendations as a condition of probation.

Although the plea agreement anticipated Taylor would receive probation with drug treatment, the agreement also provided that the State's negotiated sentencing recommendations would not apply if Taylor was on probation at the time the crimes were committed.

The State correctly argues the plea agreement was clear the State was not bound by its recommendation if Taylor was on probation at the time of the offense. The State contends since Taylor was on felony probation in Oklahoma (a fact he did not disclose during his plea negotiations) when he committed these offenses, it was free to make any

5

sentencing recommendation it deemed appropriate because the plea agreement specifically provided:

> "Absent any specific agreement set out above the State will not be bound by this recommendation and may make any other sentencing recommendation it deems appropriate, including incarceration, in the event the defendant was on felony bond, probation, assignment to community corrections, felony parole, or post release supervision at the time of the commission of this offense."

It is clear the State intended not to be bound by the recommendations of the plea agreement if Taylor was on felony probation, and he was. The district court found the State was released from the plea agreement for another reason—that being his criminal history score was B and not C. Although incorrect based on the facts of this case and our interpretation of the quoted paragraph above, the decision of the district court can be affirmed as right for the wrong reason. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

Affirmed.